IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02235-PSF-PAC

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation,

    Plaintiff(s),

v.

THE LAFAYETTE LIFE INSURANCE COMPANY, a Delaware corporation, et al.,

    Defendant and Third Party Plaintiff,

v. LEXICO RESOURCES INTERNATIONAL CORPORATION, ET AL.

    Third Party Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

This is an action brought under the court's diversity jurisdiction for breach of insurance contract and other claims arising out of a change in ownership of the term life insurance policy that plaintiff purchased from the defendant.  The matter before the court is Defendant and Third-Party Plaintiff Lafayette Insurance Company's Motion for. . . Default Judgment [filed August 3, 2005].  The motion has been referred to the undersigned to issue a recommendation on disposition.

On February 17, 2005, defendant and third-party plaintiff, the Lafayette Life Insurance Company ("Lafayette") filed an Amended Answer to the Complaint, a counterclaim, and a third-party claim in interpleader against several third party defendants, including Malcolm K. Briggs and Dennis C. Murphy.  Lafayette served Murphy and Briggs

with summonses and copies of the third party complaint February 19 and 22, 2005, respectively. (*See* Summons and Returns of Service, Exs. A and B to Motion for Default Judgment).  Neither Murphy nor Briggs is an infant, an incompetent person, an agent of the United States, or in the military.   (Affidavit of J. Lee Gray, Ex. C to Motion for Default Judgment, at ¶¶4, 7)  Murphy and Briggs have not made appearances in this case, attempted to contact Lafayette's counsel,  or made any other effort to defend the third-party claim. (*Id.* at ¶9).

The Clerk entered Briggs' and Murphy's default under Fed.R.Civ.P. 55(a) on August 9, 2005 for their failure to file responsive pleadings or to otherwise defend in this action.  Under Fed.R.Civ.P. 55(b)(2), the court may, if necessary to enter judgment, hold a hearing to determine the amount of damages to which the party moving for default judgment is entitled, or to establish the truth of the pleadings or other averments.

Lafayette's third party complaint in interpleader asks the court to determine the rightful owner and beneficiary of the policy at issue in this action (Policy No. 000LL00011862).  Lafayette requests that default judgment be entered against Briggs and Murphy, without holding a hearing, which finds that Briggs and Murphy have no interest in the subject policy or its proceeds.

The provisions of Rule 55, which govern the default of a party, are available to third party plaintiffs, including interpleading stakeholders. *See* Fed.R.Civ.P. 55(d); *Seibels, Bruce & Co. v. Nicke*, 168 F.R.D. 546, 548 (M.D.N.C. 1996)(citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* §2701, at 541-42 (1983)).

2

The court has reviewed the file and finds that a hearing on Lafayette's motion for default judgment is unnecessary.   Removing non-appearing parties who have no interest in the interpleader action will "protect the stakeholder and the claimants who have appeared." *Seibels, Bruce & Co.*, 168 F.R.D. at 548.   Accordingly, it is

**RECOMMENDED** that Defendant and Third-Party Plaintiff Lafayette Insurance Company's Motion for . . . Default Judgment [filed August 3, 2005] be **GRANTED**.   Default judgment should be entered in favor of defendant and third-party plaintiff Lafayette Insurance Company and against Malcolm K. Briggs and Dennis C. Murphy finding that Malcolm K. Briggs and Dennis C. Murphy have no recognizable interest in the insurance policy at issue in this case (Policy No. 000LL00011862), or its proceeds.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado.   The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made.   The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge.   The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge**

**and may also waive the right to appeal from a judgment of the district court based**

**on the findings and recommendations of the magistrate judge.**

Dated October 27, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge