IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02235-PSF-PAC

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation,

   Plaintiff(s),

v. THE LAFAYETTE LIFE INSURANCE COMPANY, a Delaware corporation, et al.,

   Defendant and Third Party Plaintiff,

v.  LEXICO RESOURCES INTERNATIONAL CORPORATION, ET AL.

   Third Party Defendants.
_____

### ORDER RE: PENDING NON-DISPOSITIVE MOTIONS AND SETTING HEARING
_____

Patricia A. Coan, Magistrate Judge

The primary dispute in this case is between two groups of individuals who claim to have authority to act for plaintiff Lexico Resources International Corporation (Lexico). Lexico asks for a declaratory judgment concerning the ownership and beneficiaries of a million dollar life insurance policy. Lafayette has filed a third party action against Lexico. Living Benefits is the purported owner of the life insurance policy at issue.

Pre-trial case management was referred to the undersigned on November 20, 2003. The final pretrial conference has been reset several times and is now scheduled for December 19, 2005.  A trial date has not been set.

The matters now before the Court are: (1) defendant Aggregate Recovery, LLC (Aggregate)'s Motion for Leave of Court to File Amended Answer, Third Party Counterclaims and Third Party Cross-Claims by Aggregate Recovery, LLC, Doc. # 153;

03-cv-02235-PSF-PAC
November 18, 2005

(2) Lafayette Insurance Company's Motion for Leave to File Amended Third Party Complaint in Interpleader, Doc. #157; (3) plaintiff Lexico Resources International Corporation (Lexico)'s Motion for Joinder in Lafayette's Motion for Leave to File Amended Third Party Complaint in Interpleader, Doc. # 158; (4) Lexico's Motion for Leave to Join Two Additional Purported Board Members to the Complaint in Interpleader, Doc. # 159; (5) and Lexico's Motion for Leave to File Cross Claim Against Living Benefits, Doc. # 161.

I.

The Second Amended Scheduling Order's deadline for amendment of pleadings was October 20, 2005.  See September 28, 2005 Second Amended Scheduling Order at 10.

Rule 15 applies to motions to amend a complaint or an answer.  Fed. R. Civ. P. 15(a) provides for liberal amendment of pleadings.  Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Viernow v. Euripides Devel. Corp.*, 157 F.3d 785, 799 (10th Cir.1998).  Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993) (internal citations omitted).  Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive.  *Las Vegas Ice & Cold*

03-cv-02235-PSF-PAC
November 18, 2005

*Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990). Untimeliness alone may be a sufficient basis for denial of leave to amend and prejudice to the opposing party need not also be shown. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Las Vegas,* 893 F.2d at 1185.

II.

<u>1.  Aggregate's Motion for Leave of Court to File Amended Answer, Third Party Counterclaims and Third Party Cross-Claims</u>

As grounds for its motion,  Aggregate advises that its motion is timely filed. Aggregate argues that Lafayette has questioned plaintiff Lexico's coporate authority to hire counsel and bring the within lawsuit.  If the case is dismissed because the court finds there was no authority to bring the action, Aggregate believes there would be a delay in pursuing its creditor's bill claims against Lafayette and Living Benefits.

Lafayette responds that allowing the amendment would be futile, because Aggregate's claims are derivative and untimely.  Living Benefits opposes the motion arguing that Aggregate is Lexico's judgment creditor and that rather than a creditor's bill, Aggregate has an acceptable remedy which is an equitable lien or an assignment of Lexico's claims.  Living Benefits further contends that Aggregate does not have a right, as plaintiff's judgment creditor, to litigate alongside plaintiff and Living Benefits suggests that Aggregate's attempt to bring cross claims under a creditor's bill is inappropriate and premature  when Lexico is currently pursing the same claims against

03-cv-02235-PSF-PAC
November 18, 2005

defendant here.[1]

I agree with Lafayette that the Aggregate claim is derivative. I also agree with Living Benefits that a creditor's bill is premature. Aggregate seeks to litigate along with plaintiff against Lafayette to determine who owns the life insurance policy at issue and upon the insured's death, who is entitled to the proceeds of the policy.

A creditor's bill is defined as an alternative remedy, when other remedies are not available. See *Scarlett v. Barnes*, 121 B.R. 578, 580 (W.D. Mo. 1990). Moreover, a creditor's bill applies only to assignable claims and "[u]ntil a judgment has been rendered in favor of the debtor, all the debtor has is an unassignable cause of action." *Id.* at 581 n.4 (internal citation omitted). I find that allowing Aggregate's claim and a creditor's bill is premature here because no judgment has been rendered in favor of plaintiff.[2]

2.  Lafayette's Motion for Leave to File Amended Third Party Complaint in Interpleader and 3. Lexico's Joinder

Lafayette moves to amend its complaint in interpleader to state the correct name of the entity Lafayette believes owns the policy, which is the Living Benefits Owners Trust. Lexico moves to join Lafayette's motion. Living Benefits does not object to the

---

[1] Both Lafayette and Living Benefits also raise additional arguments which may be best resolved in Rule 12 motions.

[2] I do not reach the question of whether such a judgment, if entered in favor of Lexico, would then be an assignable claim subject to a creditor's bill.

03-cv-02235-PSF-PAC
November 18, 2005

relief sought, but comments that Lafayette has been aware of the identify of the owner of the policy for approximately four years. Finding that no proper objection has been lodged, I will grant the motion.

### 4.  Lexico's Motion for Leave to Join Two Additional Purported Board Members to the Complaint in Interpleader

Lexico moves to join Larry Alex and Diana Serra to the third party interpleader action.   According to plaintiff, Alex and Serra are individuals who claimed that they served on Lexico's Board of Directors.  No party has filed an opposition to the motion.

### 5.  Lexico's Motion for Leave to File Cross-Claim against Living Benefits

Lexico moves, one day past the deadline for amendment of pleadings, to file a cross claim against Living Benefits because it owns or bought a life insurance policy that plaintiff claims rightfully belongs to plaintiff.  I ordered responses due by November 4, 2005.  *See* Minute Order, Doc. # 168.  No responses have been filed and the motion is therefore confessed.

### 6.  Lexico's Response to Show Cause Order

Lexico responded seven days late to my Order, Doc. # 155,  that Lexico either pay the attorney fees of $2407.75 assessed as sanctions against it or show cause why it could not pay.  Lexico stated, *see* Doc. #187,  that it did not have the funds to pay the sanctions and was unlikely to have those funds unless a judgment was obtained in this case.

03-cv-02235-PSF-PAC
November 18, 2005

Lafayette objected to Lexico's Response, arguing that Lexico should not be able to avoid paying sanctions when it apparently has the funds to hire experts in this case.

I agree with Lafayette.  The Court has no sympathy for Lexico, because it appears to have enough cash or assets to hire its current counsel and to ask the court for a late endorsement of experts.  Consequently, the sanctions amount is to be paid or the individuals who have hired current counsel for Lexico will be required to provide proof of inability to pay.

III.

For the reasons stated, it is hereby

**ORDERED** that defendant Aggregate Recovery, LLC (Aggregate)'s Motion for Leave of Court to File Amended Answer, Third Party Counterclaims and Third Party Cross-Claims by Aggregate Recovery, LLC, Doc. # 153, is **denied** without prejudice as premature; it is further

**ORDERED** that Lafayette's Motion for Leave to File Amended Third Party Complaint in Interpleader, Doc. #157 is **granted**.  The Amended Third Party Complaint in Interpleader shall be filed with the Court no later than **November 28, 2005**; it is further

**ORDERED** that plaintiff Lexico's Joinder in Lafayette's Motion for Leave to File Amended Third Party Complaint in Interpleader, which the Court construes as a motion

03-cv-02235-PSF-PAC
November 18, 2005

for joinder, Doc. # 158, is **granted**; it is further

**ORDERED** that Lexico's Motion for Leave to Join Two Additional Purported Board Members to the Complaint in Interpleader, Doc. # 159, is unopposed and is accordingly, **granted**.  Alex and Serra will be added in a pleading filed no later than **November 28, 2005**; it is further

**ORDERED** that Lexico's Motion for Leave to File Cross Claim Against Living Benefits, Doc. # 161 is granted and the pleading adding a cross claim against Living Benefits is to be filed no later than **November 28, 2005**; it is further

**ORDERED** that Lexico shall pay the sanctions amount of $2407.75 to the law firm of counsel representing Lafayette on or before **December 5, 2005**.  Alternatively, the individuals who have hired plaintiff's current counsel in this matter shall identify themselves and provide financial records documenting their claimed inability to pay to me *in camera* by **December 5, 2005**.  Specifically, one copy of said financial records shall be hand delivered to the clerk's office in a sealed envelope addressed to and marked "Personal Materials for Magistrate Judge Coan;" it is further

**ORDERED** that Lafayette's response to plaintiff's Motion to Compel Documents . . ., Doc. # 191, is to be filed by **December 5, 2005**.   A hearing on plaintiff's motion is set for **December 14, 2005 at 8:15 a.m.** in Courtroom A-501.  **ONLY LEXICO AND LAFAYETTE COUNSEL ARE ORDERED TO APPEAR on December 14, 2005.**

03-cv-02235-PSF-PAC
November 18, 2005

Lexico and Lafayette counsel shall **meet and confer** in the magistrate judge's conference room from **7:45 until 8:15 a.m. on December 14, 2005** in an attempt to resolve their dispute**.**

Dated this 18th day of November 2005.

By the Court:<br>
s/Patricia A. Coan<br>
Patricia A. Coan<br>
United States Magistrate Judge