IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-02235-PSF-PAC

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation,

   Plaintiff(s),

v.

THE LAFAYETTE LIFE INSURANCE COMPANY, a Delaware corporation, et al.,

   Defendant and Third Party Plaintiff,

v.

LEXICO RESOURCES INTERNATIONAL CORPORATION, ET AL.

   Third Party Defendants.
_____

**ORDER Denying Motions for Further Extension of Rule 26(a)(2) Deadlines**
_____

**Patricia A. Coan, Magistrate Judge**

   This case involves two groups of individuals who claim to have authority to act for plaintiff Lexico Resources International Corporation (Lexico).  Lexico asks for a declaratory judgment concerning the ownership and beneficiaries of a million dollar life insurance policy.  Lafayette filed a third party action against Lexico.  Living Benefits is the purported owner of the life insurance policy at issue.  On November 18, 2005, Lafayette was granted permission to file an amended third party complaint, and Lexico was granted permission to file a cross-claim.[1]

   Pre-trial case management was referred to the undersigned on November 20,

---

[1] *See* Doc. #199.

03-cv-02235-PSF-PAC
November 23, 2005

2003. The final pretrial conference has been reset several times and is now scheduled for December 19, 2005. A trial date has not been set. A motion to dismiss and a motion for judgment on the pleadings are pending.

The matters now before the Court are: (1) Lexico's Motion for Leave to Designate Expert Witnesses, Doc. # 160; (2) Aggregate Recovery LLC's Joinder in Lexico's Motion for Leave to Designate Expert Witnesses [Document 160], Doc. # 173; and (3) Lexico's Motion for Three Additional Days to Disclose Experts, Doc. # 197. No further briefing or argument is necessary.

I.

The original complaint in this case was filed on November 7, 2003. Plaintiff's current attorney is the second one to represent plaintiff. Discovery deadlines have been extended several times. The most recent extension of the discovery deadline was to November 1, 2005. See Doc. # 146 at 10. The dispositive motions deadline was extended to December 2, 2005. Id. The Rule 26(a)(2) disclosure deadline was extended to October 20, 2005 for Living Benefits and other third party defendants. Id. at 10-11. Lexico and Aggregate now move for an extension of the Rule 26(a)(2) disclosure deadline to November 23, 2005. As grounds for its motions, Lexico maintains that its claims against defendant Lafayette and the third party defendants "would benefit from expert testimony." See Lexico's Motion, Doc. # 160, ¶4. Lexico also believes experts should be allowed because the third party complaint has not yet

03-cv-02235-PSF-PAC
November 23, 2005

been answered, and because it recently learned that the Living Benefits Owners' Trust owns the life insurance policy at issue; and finally, Lexico contends that none of the parties would be prejudiced if its motions were granted.  *See* Doc. #160.

Defendant and third party plaintiff Lafayette responds that plaintiff has not shown good cause to modify the scheduling order and has not demonstrated due diligence; that plaintiff's Rule 26(a)(2) information regarding Lafayette was due January 2, 2005 under the June 21, 2004 Scheduling Order and no experts were ever endorsed; that prior counsel's failure to endorse experts should not be an excuse for Lexico's current counsel; and, that Lafayette has defended this case without any expert disclosures from plaintiff, and the discovery deadline is now past, so that Lafayette would be prejudiced if plaintiff were permitted to endorse experts at this late date.

Living Benefits responded similarly, arguing that Lexico has not shown the good cause required to extend the deadline, *see* Doc. # 177 at 2, and that Lexico has been dilatory because it was aware of the change in ownership and beneficiaries concerning the subject policy since the change of ownership and beneficiary forms were produced to Lexico over a year ago on approximately August 16, 2004.  *See id.* at 3.  Living Benefits also opposed Aggregate's joinder in Lexico's motion for the same reasons. *See* Doc. # 179 at 1.  Living Benefits finally opposes what it considers to be Aggregate's attempt to expand on Lexico's motion to an extension of the deadline for Aggregate as well.  *See id.* at 2.

03-cv-02235-PSF-PAC
November 23, 2005

## II.

Good cause is required to amend a scheduling order under Rule 16(b), Fed. R. Civ.P.  The "good cause" required includes a showing that the party seeking the extension was diligent in his discovery efforts yet could not complete discovery by the court-ordered deadline. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001)("[c]arelessness is [however] not compatible with a finding of diligence and offers no reason for a grant of relief"). *Id.* (quotation omitted); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo. 2001).  Prejudice to the party opposing the motion is not the standard.  As Magistrate Judge Boland has explained,

> Rule 16(b) does not focus on the bad faith of the movant, *or the prejudice to the opposing party*.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco*, 204 F.R.D. at 668 (internal citations omitted)(emphasis added).

Here, plaintiff's counsel entered his appearance on August 19, 2005.  Just because a lawyer is new to a case does not, however, automatically mean that there is good cause for the extension of previously set deadlines. *See Marcin Engineering, L.L.C. v. The Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo.

4

03-cv-02235-PSF-PAC
November 23, 2005

2003)("[t]hat new counsel is dissatisfied with the state of the case [he] inherited is not grounds under this authority for reopening discovery long after the court-ordered deadlines have passed").

Lexico's current counsel participated in the drafting of the Second Amended Scheduling Order which was entered on September 28, 2005. *See* Doc. # 146. The September 28, 2005 Scheduling Order provided that Lexico and Lafayette would have to show good cause to extend the previously set Rule 26(a)(2) deadline.[2] *See id.* at 10. Plaintiff's counsel did not request additional time to designate experts, but stated in the Second Amended Scheduling Order that he and Aggregate counsel were in the process of evaluating the need for experts, *see* Doc. # 146 at 10-11, and believed that the disclosure deadline should be October 20, 2005. *See id.* Lexico and Aggregate did not make Rule 26(a)(2) disclosures by October 20, 2005. To date, neither Lexico nor Aggregate has provided any information to the Court showing that Rule 26(a)(2) disclosures have been made.

Lexico replied to the responses to its motion for extension on November 21, 2005. See Doc. # 200. In its Reply, Lexico stated that, since Lafayette witness Sweet's deposition on October 28, 2005, plaintiff's counsel had talked with several experts and had retained Fred Mendelsohn. *See id.* at 3. Mendelsohn's report is purportedly to be given to Lafayette's counsel today.

---

[2] The previously set deadline to disclose experts was January 2, 2005. *See* Doc #19 at 7.

5

03-cv-02235-PSF-PAC
November 23, 2005

For unknown reasons, but undoubtedly while aware that the discovery and disclosure deadlines had passed, plaintiff's counsel failed to move for an extension of the expert disclosure deadline until two months after he filed his initial appearance. Plaintiff apparently did not consult any experts until after the Sweet deposition on October 28, 2005. *See* Reply, Doc. #200 at 3. Lexico's reply is inconsistent with counsel's previous statement in the Second Amended Scheduling Order when he stated that he was "evaluating" the need for experts. *See* Doc # 146 at 10-11. From the two statements, the only logical conclusion I can reach is that plaintiff's counsel was aware of the possible need for experts at some time between his entry of appearance in August 19, 2005 and September 27, 2005 when the proposed second amended scheduling order was presented to the court including his statement that he was "evaluating" the need for experts. Notwithstanding, plaintiff's counsel failed to move for extension of the expert deadline until approximately a month later, on October 21, 2005. Moreover, there is no indication that plaintiff's counsel diligently searched for an expert until *after* the Sweet October 28, 2005 deposition, which means that plaintiff's counsel did not even consult with potential experts until October 28, 2005, more than three months after he entered his appearance. That course of events does not demonstrate diligence.

In its reply, Lexico argues that Lafayette would not be prejudiced by Lexico's late expert endorsement. I disagree. This case has been in the discovery phase *between*

6

03-cv-02235-PSF-PAC
November 23, 2005

*Lexico and Lafayette* for about seventeen months, from approximately June 21, 2004 until the last extended discovery deadline of November 1, 2005. Discovery has now closed and dispositive motions are due in eight days. Lafayette has defended this case without either side endorsing experts and is now ready to file dispositive motions and the final pretrial order. To allow Lexico's late endorsement now would necessarily entail reopening discovery to depose plaintiff's expert; Lafayette would then probably endorse a rebuttal expert, whom plaintiff would depose; and the pretrial phase of the case between Lexico and Lafayette would be delayed another three or four months.

While it is possible that the amendment of the third party complaint and the addition of a cross claim may entail some additional discovery among those parties about the third party claims, discovery in the case between Lexico and Lafayette is over. Moving to extend expert discovery deadlines two months after plaintiff's counsel entered his appearance, and ten months past the deadline, without explaining why he delayed, is not due diligence. Failing to set forth facts to show that counsel has tried to find an expert before filing the motion also is not due diligence. Therefore, under the facts presented here, which demonstrate carelessness and not diligence, I agree with Magistrate Judge Boland that there is no reason to grant relief. *See Pumpco*, 204 F.R.D. at 668-69 ("[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief")(internal citations omitted). Accordingly, I will deny plaintiff's motions.

7

03-cv-02235-PSF-PAC
November 23, 2005

Aggregate's counsel is even less diligent, failing to state a single reason to explain its failure to disclose experts by the deadline.   Under the same analysis applied to Lexico, Aggregate's joinder in Lexico's motion will be denied.

III.

For the reasons stated, it is hereby

**ORDERED** that Lexico's Motion for Leave to Designate Expert Witnesses, Doc. # 160 is **denied**.  it is further

**ORDERED** that Aggregate Recovery LLC's Joinder in Lexico's Motion for leave to Designate Expert Witnesses [Document 160], Doc. # 173 is **denied**.  It is further

**ORDERED** that Lexico's Motion for Three Additional Days to Disclose Experts, Doc. # 197 is **denied**.

Dated this 23rd day of November 2005.

> By the Court:
> s/Patricia A. Coan
> Patricia A. Coan
> Magistrate Judge