IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02235-PSF-PAC

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation,

    Plaintiff,

v.

THE LAFAYETTE LIFE INSURANCE COMPANY, a Delaware corporation,

    Defendant and Third-Party Plaintiff,

v.

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation;
LIVING BENEFITS OWNER TRUST, a Delaware business trust;
AGGREGATE RECOVERY, LLC, a Colorado limited liability company;

    Third-Party Defendants.

## ORDER ON LAFAYETTE'S AMENDED MOTION TO DISMISS AGGREGATE'S CREDITOR'S BILL COMPLAINT

The above-captioned matter comes before the Court on the Amended Motion of Defendant The Lafayette Life Insurance Company ("Lafayette") to Dismiss Aggregate Recovery's Creditor's Bill Complaint (Dkt. # 280), filed May 8, 2006. On May 18, 2006, Aggregate Recovery LLC filed its response to the Amended Motion to Dismiss (Dkt. # 284). As the Amended Final Proposed Pretrial Order is due May 26, 2006, the Court hereby enters its Order without awaiting the filing of a reply brief by movant.

Lafayette seeks to dismiss Aggregate Recovery's creditor's bill complaint, arguing now that since Lexico has been found to have standing to litigate its claims directly against Lafayette as a result of this Court's Order of April 27, 2006, Aggregate Recovery's derivative litigation of such claims "along side of Lexico" is not necessary

(Lafayette's Motion at 6-7). In its response, Aggregate Recovery states that in light of this Court's ruling of April 27, 2006, it agrees that it "may not simultaneously litigate Lexico's claims against Lafayette in this action." (Aggregate Recovery's Response at 4). Accordingly, the Court finds that Lafayette's motion should be granted in part, and that Aggregate Recovery's creditor's bill, insofar as it purports to state a right to litigate derivatively a claim of Lexico, is dismissed. Aggregate Recovery will not appear as a party at the trial set for June 26, 2006, nor need it participate in the pretrial filings.

Aggregate Recovery argues, however, that it nonetheless is entitled to an "equitable lien" on the anticipated proceeds of Lexico's recovery against Lafayette, and therefore it "does not relinquish its prayer for relief requesting an Order requiring Lafayette to pay to Aggregate whatever Lafayette owes Lexico." (Aggregate Recovery's Response at 4). It is premature at this point to consider whether any such order should enter, as Lexico has not yet been recognized as entitled to recover against Lafayette. At such time as that issue is determined, the Court will consider how to fashion an appropriate order, if it should become necessary.

Accordingly, Lafayette's Amended Motion to Dismiss (Dkt. # 280) is GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the caption of future pleadings shall match the above-referenced caption.

DATED: May 23, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge