IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02235-PSF-PAC

AGGREGATE RECOVERY LLC, a Colorado limited liability company,
substituted for LEXICO RESOURCES INTERNATIONAL CORPORATION,
a Nevada corporation,

    Plaintiff,

v.

THE LAFAYETTE LIFE INSURANCE COMPANY, a Delaware corporation,

    Defendant and Third-Party Plaintiff,

v.

LEXICO RESOURCES INTERNATIONAL CORPORATION, a Nevada corporation;
LIVING BENEFITS OWNER TRUST, a Delaware business trust; and
AGGREGATE RECOVERY, LLC, a Colorado limited liability company,

    Third-Party Defendants,

v.

SENN VISCIANO KIRSCHENBAUM, P.C., a Colorado professional corporation,

    Intervenor.

## ORDER Of CLARIFICATION

This matter comes before the Court pursuant to Lafayette's Unopposed Emergency Motion to Stay Disbursement of Funds from Court Registry, filed January 9, 2007 (Dkt. # 352). In its Order of January 5, 2007 (Dkt. # 350), this Court ordered disbursements of settlement funds from the Court Registry and denied all other pending motions in this case. This Order now modifies and clarifies the Order of January 5, 2007.

On November 3, 2006, Plaintiff Lexico Resources International Corporation ("Lexico"), Defendant Lafayette Life Insurance Company ("Lafayette"), and Third-Party Defendant Aggregate Recovery LLC ("Aggregate") filed a Stipulated Motion for Determination that the Parties' Settlement Agreement is Binding and Request for a Show Cause Order ("Stipulated Motion") (Dkt. # 341).  In essence, the Stipulated Motion seeks a determination by this Court that the Settlement Agreement is legally binding on Aggregate and its assignor Lexico.

The Stipulated Motion represents that after this case was filed, Aggregate, a judgment creditor of Lexico, was brought into the action in February 2005 by way of Lafayette's third-party complaint (Dkt. # 36).  Thereafter, in August 2005, Lexico and Aggregate represent that they entered into an agreement that completely assigned all of Lexico's claims against Lafayette in this case to Aggregate.

In August 2006, Aggregate, Lafayette and Lexico entered into a written settlement agreement.  Under the terms of the Settlement Agreement, Lafayette agreed to pay the sum of $275,000 into the Court Registry.  This payment was made in exchange for a complete release of the claims brought against Lafayette in this case.  The release language in the Settlement Agreement states:

> Aggregate, on behalf of itself and its Affiliates, both as assignee of Lexico, and on its own behalf, does hereby forever waive, abandon and give up, and in addition thereto, does hereby forever release and discharge each and every one of the Released Parties . . . .

Settlement Agreement at 4, Section III(D).

On September 19, 2006, based on the assignment, Lexico and Aggregate filed a Joint Rule 25(c) Motion for Substitution of Parties ("Motion for Substitution") (Dkt. # 315). In the Motion for Substitution, Aggregate sought to be substituted for Lexico as the real party in interest to the claims Lexico had brought against Lafayette in this case. That motion stated:

> [I]n order to properly identify the real party in interest [Aggregate] to the Claims, clarify the authority to settle the Claims, and avoid potential confusion about the parties' respective rights pertaining to the pending settlement, the Court should enter an Order substituting Aggregate in the place of Lexico as Plaintiff in this action.

Motion for Substitution at 4.

The Motion for Substitution was granted on October 20, 2006, and Aggregate was substituted for Lexico as plaintiff and the real party in interest to Lexico's claims against Lafayette. *See* Minute Order (Dkt. # 334). In the Stipulated Motion, Aggregate represents that as the real party in interest to the claims that Lexico has against Lafayette in this action it has the legal authority to bind Lexico to the terms of the Settlement Agreement.

Under Section III, Paragraph A of the Settlement Agreement, Lafayette's obligation to pay the $275,000 was conditioned upon this Court entering an order granting a motion that determined that the Settlement Agreement was binding on Aggregate and Lexico. The Settlement Agreement provides that once the Court enters such an Order, the settlement funds may be distributed from the Court Registry pursuant to Court Order.

Accordingly, having now reviewed the Stipulated Motion, the Court finds pursuant to the parties' representations that the Settlement Agreement is binding on Lexico and Aggregate, and its Affiliates as defined in the Settlement Agreement, as well as on Lafayette. The settlement funds paid into the Court by Lafayette shall be distributed from the Court Registry by the Clerk of Court in accordance with the Court's Order of January 5, 2007.

**CONCLUSION**

The Emergency Motion (Dkt. # 352) is GRANTED in part and DENIED in part to the extent set forth herein.

The Stipulated Motion (Dkt. # 341), which was previously denied, is hereby reconsidered and is now GRANTED to the extent set forth herein.

DATED: January 16, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge